**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ISAAC REAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 06-3066-KHV |
| SERGEANT HANEY, et al. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**ORDER**

Issac Real, *pro se*, brings suit against Sergeant Haney and Deputies Bieberdorf and Barker[1] of the Sheriff's Department of Johnson County, Kansas. Under 42 U.S.C. § 1983, plaintiff alleges violations of the Eighth and Fourteenth Amendments through battery, attempted kidnaping and denial of administrative segregation rights during his incarceration in the Johnson County Adult Detention Center in Olathe, Kansas. This matter is before the Court on defendants' Motion To Dismiss (Doc. #22) filed January 16, 2007, plaintiff's Motion For Hearing And A[n] Order For Plaintiff To Appear (Doc. #27), which the Court construes as a motion for oral argument on defendants' motion to dismiss, and plaintiff's Motion To Show Cause For A Continuance (Doc. #28), which the Court construes as a motion for extension of time to respond to defendants' motion to dismiss, both filed January 22, 2007. Also before the Court is plaintiff's Motion To Review (Doc. #34) filed February 28, 2007, which the Court construes as a motion for review of the order staying pretrial proceedings which Magistrate Judge James P. O'Hara entered in the case, see Order (Doc. #32) filed February 8, 2007. For reasons stated below, the Court overrules all motions.

---

[1] The amended complaint and supplements thereto indicate that defendants' first names are unknown.

**I.     Defendants' Motion To Dismiss**

Relying primarily on Steele v. Fed. Bureau of Prisons, 355 F.3d 1204 (10th Cir. 2003), defendants argue that the Court should dismiss plaintiff's complaint under Rule 12(b)(6), Fed. R. Civ. P., because he has not pleaded exhaustion of administrative remedies or attached to his complaint documentation of exhaustion. Plaintiff has not yet responded.

Plaintiff's claims are governed by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e et seq., which provides in pertinent part that

> [n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). In Jones v. Bock, 127 S. Ct. 910 (2007), the Supreme Court held that failure to exhaust is an affirmative defense under the PLRA and that inmates are not required to specially plead or demonstrate exhaustion in their complaints. Id. at 921.

Jones, which the Supreme Court decided the week after defendants filed their motion, is dispositive. Contrary to defendants' argument, it is now clear beyond question that plaintiff is not required to plead exhaustion of administrative remedies or attach documentation of exhaustion to his complaint.[2] Accordingly, the Court overrules the motion to dismiss.

---

[2]     Although exhaustion is not a pleading requirement, Jones notes that a claim under the PLRA may be dismissed where plaintiff's failure to exhaust appears on the face of the complaint. 127 S. Ct. at 920-21. Here, the Court finds no suggestion on the face of the complaint that plaintiff has not exhausted his claims.

In a letter dated February 16, 2007, plaintiff states that his claim may not be fully exhausted because he did not file a grievance with the Kansas Attorney General. See Letter From Isaac Real To Honorable James P. O'Hara (Doc. #33) filed February 20, 2007, at 1. Plaintiff's exhaustion requirement is defined by the grievance procedures of the institution in which he is incarcerated (i.e. the Johnson County Adult Detention Center). See Jones, 127 S. Ct. at 922-23. Here, the Johnson County Adult Detention Center grievance procedures do not require plaintiff to file a grievance with

(continued...)

**II.     Plaintiff's Motions For Oral Argument And Extension Of Time**

Plaintiff asks the Court to set a hearing in May of 2007 so that he may present facts supporting his claims, presumably in defense of defendants' motion to dismiss. He further requests an extension of time in which to gather documentation regarding exhaustion so that he may respond to defendants' motion to dismiss. Plaintiff's motions are moot in light of the ruling on the motion to dismiss, and the Court therefore overrules the motions.

**III.    Plaintiff's Motion For Review**

Plaintiff apparently seeks review of Judge O'Hara's order staying pretrial proceedings in the case pending resolution of defendants' motion to dismiss. Specifically, plaintiff states that he would like to request "inmate Communication Forms, the incident video tape, and all necessary and [pertinent] documentation, including a list of eyewitnesses, in a Motion of discovery." In his order staying pretrial proceedings, Judge O'Hara stated as follows:

> All pretrial proceedings in this case, including discovery and initial disclosures, are stayed until the court rules the pending motion to dismiss. In the event the motion is denied, the parties shall meet and submit their Rule 26(f) report within 11 days thereafter.

Order (Doc. #32) at 4.

In light of the Court's ruling on the motion to dismiss, plaintiff's motion for review is moot as the parties shall resume pretrial proceedings in accordance with Judge O'Hara's order. Accordingly, the Court overrules the motion for review as moot.

---

²(...continued)
the Kansas Attorney General, see Johnson County Sheriff's Office Inmate Guidebook, attached as Exhibit A-2 to Affidavit Of Tom Sybesma (Doc. #23-2) filed January 16, 2007, at 32-33, and plaintiff is therefore not required to do so to exhaust his claim.

3

**IT IS THEREFORE ORDERED** that defendant's Motion To Dismiss (Doc. #22) filed January 16, 2007 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion For Hearing And A[n] Order For Plaintiff To Appear (Doc. #27) filed January 22, 2007 be and hereby is **OVERRULED as moot**.

**IT IS FURTHER ORDERED** that plaintiff's Motion To Show Cause For A Continuance (Doc. #28) filed January 22, 2007 be and hereby is **OVERRULED as moot**.

**IT IS FURTHER ORDERED** that plaintiff's Motion To Review (Doc. #34) filed February 28, 2007 be and hereby is **OVERRULED as moot**.

Dated this 19th day of March, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
