IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ISAAC DAVID REAL,               )
                                )
                Plaintiff,      )
                                )
v.                              )        Case No. 06-3066-KHV
                                )
SERGEANT HANEY, et al.,         )
                                )
                Defendants.     )

## ORDER

This case comes before the court on the motions (**docs. 56 and 63**) of defendants, Sergeant Haney, Deputy Bieberdorf and Deputy Barker, to compel discovery and to strike the sur-reply brief (doc. 62) of the *pro se* plaintiff, Isaac David Real.  Defendants' have filed a memorandum in support of the motion to compel (doc. 57), plaintiff has responded (doc. 60), and defendants have replied (doc. 61).  The court will not await a response by plaintiff regarding the motion to strike, but rather will rule.  For the reasons set forth below, the court grants defendants' motions.

This is a prisoner civil rights case in which plaintiff claims that he was subjected to excessive force and cruel and unusual punishment during an incident on February 15, 2005, and denied due process following the incident.

On June 13, 2007, plaintiff filed a sur-reply brief regarding the motion to compel.  He did not seek the court's permission to do so.  D. Kan. Rule 7.1(c) provides that the party opposing a motion may file a response brief and the moving party may file a reply brief.  Our

district's rules do not provide for the filing of a sur-reply brief without permission of the court. Accordingly, plaintiff's sur-reply brief is inappropriate and shall be stricken from the record.

At the outset, the court notes that plaintiff's interrogatory responses are not sworn. Under Fed. R. Civ. P. 33(b)(1), "[e]ach interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for objection and shall answer to the extent the interrogatory is not objectionable." Accordingly, plaintiff shall sign and file a verification or affidavit as to the accuracy of his interrogatory responses by **July 24, 2007.**

Interrogatory Nos. 2, 3, 4, 7, and 19 seek information regarding plaintiff's previous addresses for the past ten years and persons with whom he resided, his educational history, identification of his family members, his employment history, and any prior convictions. Plaintiff objects to each of these interrogatories as irrelevant.

Relevancy, of course, is broadly construed. Thus, at least as a general proposition, "a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[1] "A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party."[2] "When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of

---

[1] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001) (citations omitted).
[2] *Id.* (citations omitted).

relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the ordinary presumption in favor of broad disclosure."[3]   The question of relevancy naturally "is to be more loosely construed at the discovery stage than at the trial."[4]   "A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence."[5]

Defendants argue that this information is relevant as to prior injuries or physical conditions which may affect damages in this case, prior similar acts or allegations made by plaintiff, statements plaintiff may have made regarding the factual allegations in his complaints, plaintiff's true motive for not wanting to be transported while in custody, and plaintiff's credibility, habits or character.  Although plaintiff states in his response that he has not made any statements with regard to the case, has not engaged in prior similar acts, has no motive, and is credible, the court agrees with defendants that the information sought is relevant to plaintiff's claims and that plaintiff has not shown otherwise.  Thus, the motion to compel is granted as relates to Interrogatory Nos. 2, 3, 4, 7 and 19.

Plaintiff has not objected to Interrogatory Nos. 10, 11, 16, and 22, but also has not provided responses.  Fed. R. Civ. P. 33(b)(4) provides: "All  grounds for an objection to an

---

[3] *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003) (citations omitted).
[4] 8 CHARLES ALAN WRIGHT ET AL, FEDERAL PRACTICE AND PROCEDURE § 2008 at 99 (2d ed. 1994).
[5] *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 193 (D. Kan. 1996).

interrogatory shall be stated with specificity.  Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." Thus, plaintiff has waived any objections he may have to these interrogatories.  Defendants' motion to compel is granted as relates to Interrogatory Nos. 10, 11, 16, and 22.

Request Nos. 1 and 5 seek plaintiff's medical records or authorizations permitting defense counsel to obtain the records directly.  Plaintiff did not object to these requests, and has therefore waived any objections he may have.  Plaintiff states that his medical records have been misplaced.  Regardless of the location of the medical records, plaintiff shall sign the authorizations to permit defense counsel to attempt to locate them.  Defendants' motion to compel is granted as relates to Request Nos. 1 and 5.

Request Nos. 6 and 8 seek plaintiff's employee files or personnel information for the past ten years, or authorizations permitting defense counsel to obtain the files directly, and all documentation in plaintiff's possession of any crimes he committed within the past ten years.  Plaintiff argues that these requests seek irrelevant information.  The court disagrees.  These requests seeks the supporting documentation for Interrogatory Nos. 7 and 19, which the court stated above is relevant.  Thus, the motion to compel is granted as relates to Request Nos. 6 and 8.  Plaintiff shall sign the employment authorizations.

Plaintiff has stated that he will address Request No. 12 separately, but has not yet done so.  As he did not object to this request, any objections he may have to it are waived.  Accordingly, defendants' motion to compel as to Request No. 12 is granted.

By **July 24, 2007**, plaintiff shall comply with this order in all respects.  That is, plaintiff shall fully respond to all of defendants' discovery requests discussed above.  By the same date, as set forth in the April 18, 2007 scheduling order (doc. 47), plaintiff shall provide complete witness, document, and damage disclosures pursuant to Fed. R. Civ. P. 26(a)(1).  Although the court declines to award any fees on this particular motion to compel, should plaintiff continue to delay in providing responses and documents, the court will not hesitate to impose appropriate sanctions, including dismissal of this case.

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1.      Defendants' motion to compel (**doc. 56**) is granted.

2.      Defendants' motion to strike (**doc. 63**) is granted. The court will strike and disregard plaintiff's unauthorized sur-reply brief (doc. 62).

Copies of this order shall be served electronically on counsel of record, and on the *pro se* plaintiff by regular and certified mail.

Dated this 27th day of June, 2007, at Kansas City, Kansas.

  s/James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge