IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ISAAC DAVID REAL,         )
                                      )
                Plaintiff,   )
                                      )
v.                               )     Case No. 06-3066-KHV
                                      )
SERGEANT HANEY, et al.,   )
                                      )
           Defendants.  )

## <u>REPORT AND RECOMMENDATIONS</u>

This prisoner civil rights case comes before the undersigned U.S. Magistrate Judge, James P. O'Hara, on the motion **(doc. 72)** of defendants Haney, Bieberdorf, and Barker for sanctions due to the failure of the pro se plaintiff, Isaac David Real, to comply with the court's April 18, 2007 scheduling order (doc. 47) and June 27, 2007 order compelling discovery (doc. 64).

Based on plaintiff's anticipated release from incarceration in late June 2007, the court extended the time for the parties to exchange the initial disclosures required by Fed. R. Civ. P. 26(a)(1). That is, the court's April 18, 2007 scheduling order required the parties to exchange this information by July 24, 2007. The court again ordered plaintiff to make the required initial disclosures by July 24, 2007 in its order compelling discovery entered on June 27, 2007. Despite the court's orders and correspondence from defense counsel, plaintiff has failed to produce his initial disclosures required by Rule 26(a)(1).

O:\ORDERS\06-3066-KHV-RR.wpd

On March 29, 2007, defendants submitted interrogatories, requests for production of documents, and requests for admissions to plaintiff.  Plaintiff submitted incomplete and unsworn interrogatories, in violation of Fed. R. Civ. P. 33(b)(1).  Further, plaintiff failed to produce any documents, medical authorizations, or employment authorizations.  This court granted defendants' motion to compel on June 27, 2007.  Plaintiff was ordered to respond to all of defendants' discovery requests and file a verification or affidavit as to the accuracy of his interrogatory responses by July 24, 2007.   The court warned plaintiff that if he continued to delay in providing responses and documents, it would not hesitate to impose sanctions, including dismissal of the case.

Plaintiff was released from custody sometime between June 27, 2007 and July 6, 2007, when the court's order compelling discovery was returned to the court.  After plaintiff filed a notice of change of address on July 16, 2007, defendants served the June 27, 2007 order on plaintiff.  Plaintiff received the order on July 26, 2007.  On that same day, following a telephone call from plaintiff, defendants sent copies of the discovery to plaintiff.  Defendants sent a letter to plaintiff on July 31, 2007 reminding him of the court's orders and warning that if they did not receive full and complete responses by August 8, 2007, they would seek dismissal as a discovery sanction.  To date, plaintiff has not provided the required initial disclosures or responded to defendants' discovery requests.

Defendants filed the instant motion on August 9, 2007.  Plaintiff failed to respond to the motion by the September 4, 2007 deadline.  Because plaintiff is unrepresented by a

lawyer and the sanction of dismissal is drastic, the court afforded plaintiff one last

opportunity to rectify the situation.  On September 5, 2007, the court ordered plaintiff to

respond by September 17, 2007 (doc. 73).  The court warned plaintiff that if he failed to

respond or if it appeared he lacked sufficient reason for his continued failure to comply with

the court's June 27, 2007 order, then the undersigned magistrate would likely file a report

and recommendation suggesting that the presiding U.S. District Judge, Hon. Kathryn H.

Vratil, dismiss the case, with prejudice, as a sanction for plaintiff's discovery violations.  To

date, plaintiff has failed to respond to the instant motion.

The court could grant the motion solely on the basis that it is unopposed pursuant to

D. Kan. Rule 7.4.  However, the court also finds that dismissal as a discovery sanction is just

and appropriate.

Rule 37(b)(2) authorizes a district court to sanction a party who "fails
to obey an order to provide or permit discovery" and specifies as an available
sanction "[a]n order . . . dismissing the action or proceeding or any part
thereof." Fed. R. Civ. P. 37(b)(2)(C).  The court has discretion in selecting the
appropriate sanction, but that discretion "'is limited in that the chosen sanction
must be both just and related to the particular claim which was at issue in the
order to provide discovery.'" *The Proctor and Gamble Co. v. Haugen*, 427
F.3d 727, 737 (10th Cir. 2005) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916,
920 (10th Cir. 1992)).  Because of its harshness, dismissal with prejudice is
reserved for those cases involving "willfulness, bad faith, or [some] fault" by
the party to be sanctioned.  *Chavez v. City of Albuquerque*, 402 F.3d 1039,
1044 (10th Cir. 2005) (quotation marks and citations omitted).  "'Because
dismissal with prejudice defeats altogether a litigant's right of access to the
courts, it should be used as a weapon of last, rather than first, resort.'" *The
Proctor & Gamble Co.*, 427 F.3d at 738 (quoting *Ehrenhaus*, 965 F.2d at 920).
The following factors are to be considered before dismissing the case as a
sanction: "'(1) the degree of actual prejudice to the other party; (2) the amount
of interference with the judicial process; . . . (3) the culpability of the litigant;

(4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'" *Id.* (quoting *Gripe v. City of Enid*, 312 F.3d 1184, 1187 (10th Cir. 2002)). Dismissal is appropriate if "'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Id.* (quoting *Ehrenhaus*, 965 F.2d at 921).[1]

The court finds that plaintiff's repeated failure to provide full and adequate discovery responses, despite multiple opportunities, has seriously prejudiced defendants and interfered with the judicial process by causing unnecessary delay and associated expense in this case. In recognition of the difficulties that may face pro se litigants, the court has afforded plaintiff several chances to respond to defendants' discovery requests and explain his failure to comply. In light of his refusal to adequately respond, and in most instances, to respond at all, the court finds that the culpability factor cuts decidedly in favor of dismissal. As set forth above, the court has warned plaintiff twice of the probability of dismissal as a sanction. Given that these warnings did not prompt plaintiff to comply with the court's orders, it is highly unlikely that lesser sanctions would be effective.

The undersigned is of the opinion that the aggravating factors discussed above outweigh the presumption in favor of resolution on the merits. Accordingly, the undersigned respectfully recommends that Judge Vratil grant defendants' pending motion for sanctions and dismiss plaintiff's claims, with prejudice, for failure to comply with the court's orders, pursuant to Fed. R. Civ. P. 37 (b)(2) and 41(b).

---

[1] *Dougherty v. City of Stockton*, No. 05-4145, 2006 WL 2548192, at *1 (D. Kan. August 29, 2006).

Plaintiff is hereby informed that, within ten days after a party is served with a copy of this report and recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition. If no objections are timely filed, no appellate review will be allowed by any court.

Copies of this report and recommendation shall be served electronically on counsel of record, and on the pro se plaintiff by regular and certified mail.

Dated this 10th day of October, 2007, at Kansas City, Kansas.

 s/James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge